**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1874-16T1

V.M.,

    Plaintiff-Appellant,

v.

A.M.,

    Defendant-Respondent.

_____

        Argued May 21, 2018 — Decided July 26, 2018

        Before Judges Accurso and O'Connor.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FV-04-1147-17.

        Victoria L. Chase argued the cause for appellant (Rutgers Domestic Violence Clinic, Rutgers Law, attorneys; Victoria L. Chase, on the brief).

        Respondent has not filed a brief.

PER CURIAM

    Plaintiff V.M. appeals from an October 20, 2016 order dismissing an amended temporary restraining order (TRO) and a domestic violence complaint she filed under the Prevention of

1

Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Plaintiff also appeals from a December 9, 2016 order denying her motion for reconsideration of the October 20, 2016 order. We reverse both orders and remand for the reinstatement of plaintiff's complaint and the TRO, as well as for a new hearing.

I

Plaintiff filed a complaint under the PDVA seeking a final restraining order (FRO) against defendant. She alleged he committed the following acts of domestic violence against her: aggravated sexual assault, N.J.S.A. 2C:14-2(a)(6); sexual assault, N.J.S.A. 2C:14-2(c)(1); harassment, N.J.S.A. 2C:33-4[1]; and stalking, N.J.S.A. 2C:12-10[2].

Plaintiff alleged two claims of harassment. She did not appeal from the Family Part's decision to dismiss one of those claims and she withdrew the other during oral argument before us. There was no evidence adduced during the final domestic violence hearing to support a claim of stalking. Therefore, the issues on appeal are confined to plaintiff's allegations

_____

[1]  Although in her complaint she provided factual details pertaining to her claims of harassment, plaintiff did not identify which subsection or subsections of N.J.S.A. 2C:33-4 defendant allegedly violated.

[2]  No factual details about plaintiff's allegation defendant stalked her were included in the complaint.

defendant committed acts of sexual assault that warrant the issuance of a FRO against him.

Both parties were self-represented during the hearing. Plaintiff's testimony on the sexual assault claims was limited and disjointed. She made the conclusory statement defendant repeatedly sexually assaulted her over one particular weekend, but provided few details. Nonetheless, she managed to communicate the following.

Plaintiff and defendant were married and living together at the time of the alleged incidents, but their relationship had been deteriorating because defendant had been unfaithful and plaintiff had informed defendant she wanted to end the marriage. According to plaintiff, she and defendant were engaging in sexual relations when plaintiff told defendant she wanted "to stop." Defendant "continued" and she "said no repeatedly [but] he still did it anyway. When it was over I asked [defendant] to just please not do that again and he said whenever he feels like having sex with me[,] he's going to do it . . . . This happened three times; Saturday morning, Saturday night, and Sunday morning."

A-1874-16T1

Plaintiff responded in the affirmative when the court inquired if defendant had choked her[3], but when defendant did so and in what context was not clarified. Plaintiff testified she went to the hospital after the third alleged act of sexual assault, and subsequently reported these incidents to the police. Defendant was arrested thereafter. At the conclusion of her direct examination, defendant launched into his without first cross-examining plaintiff.

According to defendant, the parties were having problems with their relationship. Nevertheless, they had consensual sexual relations over the subject weekend, although, at one point plaintiff informed defendant they were not going to have sex again. Plaintiff then left the house and defendant was arrested later that day.

The court then asked plaintiff questions about defendant's testimony. Plaintiff did not nor did the court apprise her of her right to cross-examine defendant. During her redirect examination, plaintiff repeated she did not consent to have sexual relations with defendant. Thereafter, each party took turns offering some additional testimony, sometimes interrupting each other, but none of the testimony was dispositive on the

---

[3] In her complaint, plaintiff alleges defendant committed the act of aggravated sexual assault because he forced her to engage in sexual relations by choking her.

issue of consent. At no time did the court ask either party if he or she wanted to cross-examine the other.

At the conclusion of the hearing, the court found plaintiff failed to prove the allegations in her complaint. As for the allegation defendant sexually assaulted her, the court found both parties equally credible on the question of consent and, noting the evidence was in equipoise, determined plaintiff failed to prove these allegations by a preponderance of the evidence. However, the court added, "the context of sexual assault between married couples is difficult to determine because [defendant is] already in the bed by the consent of everyone."

Plaintiff, now represented by a lawyer from the Rutgers Domestic Violence Clinic, moved for reconsideration of the order dismissing her complaint and TRO, challenging the court's conclusion the evidence was in equipoise. Plaintiff contended the court was required to "decide who, in fact, is credible and who wasn't credible." She also argued the court should have allowed the parties to cross-examine each other. Finally, she contended it was error for the court to presume because the parties were married, plaintiff had given defendant consent to have sex.

The court denied the motion. It stated it is not up to a court to tell a party he or she has the right to cross-examine the other. On the issue of the parties' marital status and consent, the court stated:

> I can find that it's more likely that an acquaintance didn't give consent to sex. Two friends, I can find it's more likely that a friend didn't give consent.
>
> Dating relationships, I could plausibly say a person could not give consent to, or believe that they didn't get consent, when I don't know; I wasn't there, to sex. But in a marriage, when one person says I did have consent, and the other person said, I don't have consent, and that's all I have, I take the context of them being married. And I think it's totally plausible that someone who is married has consent to have sex with their spouse.

This appeal ensued.

## II

On appeal, plaintiff recounts for our consideration the arguments she asserted before the Family Part court in her motion for reconsideration.

First, we reject the contention that if at the conclusion of a trial a court finds the evidence in equipoise because all witnesses were equally credible, the court must thereafter strive to find the witness or witnesses for one party more

A-1874-16T1

credible than the other. Plaintiff did not provide and we were unable to find any authority to support such premise.

Finding a witness or witnesses for each party equally credible can and does happen. When that occurs, the evidence is in equipoise and the party with the burden of persuasion fails to meet its burden unless, of course, there is other evidence to enable such party to meet the requisite burden. See Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 169 (2006) (noting that when a party must meet the preponderance of evidence standard "a litigant must establish that a desired inference is more probable than not. If the evidence is in equipoise, the burden has not been met.").

In general, we do not second guess a court's assessment of parties' credibility or its conclusion the evidence is in equipoise, as long as such fact-findings are supported by "adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Here, however, we are compelled to question the court's credibility findings, which in turn affected its ultimate legal determinations.

As mentioned, at the conclusion of each party's direct and redirect examination, the court did not ask the adversary party if he or she wanted to cross-examine the other, or remind the adversary party of the right to do so. In Franklin v. Sloskey,

385 N.J. Super. 534, 543-44 (App. Div. 2006), we emphasized the importance of making sure self-represented litigants in domestic violence hearings are afforded due process, including that they understand they have the right to cross-examine witnesses.

Although the court here did not refuse to allow the parties to cross-examine each other, the court's failure to remind them of their right to do so was error. As a result, "the integrity of the factfinding process" was compromised, because the trial court was unable to fully and fairly assess credibility. Kentucky v. Stincer, 482 U.S. 730, 736 (1987) (quoting Davis v. Alaska, 415 U.S. 308, 316 (1974)); see Amoresano v. Laufgas, 171 N.J. 532, 557 (2002).

If the court reminded each party at the conclusion of the other's direct examination that he or she had the right to cross-examine the other, or had merely asked such party if he or she had any questions of the adversary, the cross-examining party may have succeeded in drawing out testimony pivotal on the issue of consent or credibility, or the demeanor of the party under cross-examination may have been informative on the question of credibility. Because the court did not make the parties aware of their right to engage in cross-examination, and thus no cross-examination occurred, the court may well have been deprived of evidence vital to the outcome of this matter. For

8

that reason, we must vacate the orders under review and remand this matter for a new hearing.

We are not unmindful of the difficulties entailed in a bench trial with self-represented litigants; however, such challenges cannot justify the manner in which the trial was conducted here. As our Supreme Court stated in J.D. v. M.D.F., 207 N.J. 458, 481 (2011), when it referred to the trial court's role in addressing self-represented litigants in a domestic violence case:

> [M]any are unfamiliar with the courts and with their rights. Sifting through their testimony requires a high degree of patience and care. The pressures of heavy calendars and volatile proceedings may impede the court's willingness to afford much leeway to a party whose testimony may seem disjointed or irrelevant. But the rights of the parties to a full and fair hearing are paramount.

Plaintiff also argues the court's belief married persons have blanket consent to have sex with their spouses is another reason to reverse the orders under review and order a new trial. We note there is no support for the premise a married person consents to having sexual relations with his or her spouse and there is no presumption of consent, either. In fact, the New Jersey Criminal Code expressly excludes marriage to the victim as a defense against prosecution of sexual crimes. N.J.S.A.

2C:14-5(b). However, not only is our decision on the court's failure to remind the parties of their right to cross-examine dispositive, but the court, despite its erroneous assumptions, did find plaintiff credible when she testified she had not consented to engaging in sexual relations.

We reverse the October 20, 2016 order dismissing plaintiff's complaint and amended temporary restraining order, reverse the December 9, 2016 order denying plaintiff's motion for reconsideration, and remand this matter for a new hearing. All of the relief awarded to plaintiff in the amended temporary restraining order dated October 9, 2016 shall be in full force and effect pending further order of the Family Part. Because the court that conducted the hearing accorded weight to the testimony and may be committed to its findings, the matter shall be assigned to a different judge. <u>J.L. v. J.F.</u>, 317 N.J. Super. 418, 438 (App. Div. 1999).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION